UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN CLAMP,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>    Defendant. | 1:16-cv-248 GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF MICHAEL JOHN CLAMP** |

**I.**     <u>**INTRODUCTION**</u>

Plaintiff, Michael John Clamp ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. The matter

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 21 and 23). Upon a review of the entire record, the Court finds that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Accordingly, the Court AFFIRMS the agency's disability determination and DENIES Plaintiff's appeal.

## II. FACTS AND PRIOR PROCEEDINGS[3]

### A. Background

Plaintiff filed an application for DIB due to bipolar disorder, depression, severe neuropathy, anal/rectal pain, and high cholesterol. AR 14; 234. The parties agree that the Plaintiff properly exhausted his administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc. 21, pg. 2 and Doc. 23, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Cynthia Floyd's ("ALJ") decision issued on October 17, 2014, which is considered the Commissioner's final order. See, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 11-22.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. Relevant portions of the record will be referenced in the discussion where appropriate. AR 318-840.

## III. THE DISABILITY STANDARD

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
> 42 U.S.C. § 1382c(a)(3)(B).

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 8 and 13).

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1520(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1513.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)(4).

## IV.    **SUMMARY OF THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff met the insured status requirements through June 30, 2016. AR 13. She noted that Plaintiff had engaged in substantial gainful activity from April 2013 to June 2014 because he was working as an aircraft dispatcher and made approximately $36,000 per year. AR 13. However, there was a period of twelve continuous months that Plaintiff did not work, and the ALJ's decision addressed the period of time that Plaintiff did not engage in substantial gainful activity. AR 13.

At step two, the ALJ identified peripheral neuropathy in the bilateral lower extremities; status post gastric bypass surgery involving B6 and B12 deficiency; diabetes mellitus with diabetic neuropathy; hypothyroidism; a dysplastic hip; obesity; and bipolar affective disorder II, as severe impairments. AR 13. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 14-15. However, the ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform a restricted range of light work as defined in 20 CFR § 404.1567(b), except that he could only frequently climb, balance, stoop, kneel, crouch and crawl; he must avoid exposure to workplace hazards such as unprotected fast moving machinery, unprotected heights, and uneven or slippery terrain; he also had the

ability to engage in simple routine tasks with no public contact and he could only have occasional contact with coworkers. AR 16.

Given the above, at step four, the ALJ found Plaintiff could not perform his past relevant work as a dispatcher, air transportation or a flight information expediter. AR 20. Alternatively, at step five, the ALJ considered the testimony of a vocational expert and concluded that other jobs existed in significant numbers in the national economy that Plaintiff could perform including a marker, a mail clerk or sorter, and a routing clerk. AR 21. The ALJ therefore concluded Plaintiff was not disabled. AR 22.

## V. THE ISSUES PRESENTED

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence because she rejected the opinion outlined in Dr. Wu's (Plaintiff's treating physician) opinion dated August 2, 2014. AR 827-830. Specifically, he argues that the ALJ did not provide specific and legitimate reasons for rejecting the opinion, nor did she provide any other evidentiary support for her decision. He requests that the case be remanded for a payment of benefits, or alternatively, that the case be remanded for further proceedings. (Doc. 21, pgs. 3-8). The Commissioner argues that the ALJ's evaluation of the medical evidence was proper and that the ALJ's decision is supported by substantial evidence. (Doc. 23, pgs. 2-7). As such, the ALJ's decision should be affirmed.

## VI. THE STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## VII. DISCUSSION
### A. The ALJ's Rejection of Dr. Wu's Opinion is Proper.

The weight given to medical opinions depends in part on whether they are offered by treating,

4

examining, or non-examining (reviewing) professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, "the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. CSS*, 169 F.3d 595, 600 (9th Cir. 1999). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).

When doing so, an ALJ may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Ghanim v. Colvin*, 763 F. 3d 1154, 1161 (9th Cir. 2014); *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Ghanim*, 763 F. 3d at 1161; *Lester*, 81 F.3d at 830. While a treating physician's opinion is generally accorded superior weight, if it is contradicted by an examining professional's opinion (when supported by different independent clinical findings), the opinion of the non-treating source may itself be substantial evidence; it is then solely within the province of the ALJ to resolve the conflict. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995). Where, on the other hand, a non-treating source's opinion contradicts that of the treating physician but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Id*; *See also*, *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989); See *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir.1993) (applying test where ALJ relied on contradictory opinion of nonexamining medical advisor). Similarly, the opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *Thomas v. Barnhart*, 278 F. 3d 947, 957 (9th Cir. 2002). Such independent reasons may include laboratory test results or contrary reports from examining physicians, and plaintiff's testimony when it conflicts with the treating physician's opinion. *Leste*r, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

At issue in this case, is a report completed by Dr. Wu, Plaintiff's treating physician. Dr.

Wu treated Plaintiff at Valley Care Medical Group from November 2010 until August 2014, shortly before the hearing on Plaintiff's disability application. AR 571-636; 822-830. He completed a functional assessment on August 2, 2014, and diagnosed Plaintiff with bipolar disorder, depression, neuropathy, unsteady gait, and tremors. AR 827. Dr. Wu opined that Plaintiff had severe functional limitations, including but not limited to, that Plaintiff could: (1) only stand for five minutes; (2) only walk fifteen feet; (3) lift ten pounds occasionally; (4) only stand, walk, or sit for two hours; and, (5) he needed to take four unscheduled breaks for ten to fifteen minutes during the work day. AR 828-29. Additionally, Dr. Wu opined that Plaintiff had very little use of his hands, including that he could only use them for ten percent of the workday, and that his severe impairments would cause him to be off task for twenty-five percent or more of the workday. AR 829.

Plaintiff argues the ALJ gave insufficient reasons for rejecting the opinion. The Court disagrees. A review of the record reveals that the ALJ applied the correct legal standards and her rejection of Dr. Wu's opinion is supported by substantial evidence.

Here, the ALJ gave this opinion little weight because it was "overreaching, exaggerated, and inconsistent with the opinions of other medical sources." AR 17. She also noted that the opinion was inconsistent with Plaintiff's return to work, and inconsistent with generally unremarkable musculoskeletal examinations showing a normal range of motion with no edema or tenderness in the extremities. AR 17. Although Plaintiff argues that the ALJ did not cite to any legitimate evidentiary support for her conclusion, the ALJ referenced examinations performed in October 2010 (AR 356); March 2011 (AR 490); and January 2014 (AR 530) that revealed normal findings. She also relied in part on Dr. Siciarz's opinion (a consultative examining physician) who, after performing an examination on August 15, 2012, opined that Plaintiff had no physical limitations (AR 18; 498-503). Furthermore, the ALJ relied on two non-examining physicians reports (Drs. P. Blaskowski, M.D., and Dr. M. Yee's M.D.) who opined that Plaintiff did not have a severe impairment and that he was not disabled. AR 18; 72-74; 112.

Plaintiff argues that reliance on Dr. Siciarz's opinion was erroneous because he did not have the benefit of reviewing Dr. Wu's opinion or several hundreds of pages of medical records. However, this argument is unpersuasive given the other objective evidence in the record that ALJ relied upon. Moreover, Dr. Siciarz's report constitutes substantial evidence because he completed

his own consultative examination. *Andrews*, 53 F. 3d at 1041 (While a treating physician's opinion is generally accorded superior weight, if it is contradicted by an examining professional's opinion (when supported by different independent clinical findings), the opinion of the non-treating source may itself be substantial evidence; it is then solely within the province of the ALJ to resolve the conflict). Furthermore, an ALJ may choose to give more weight to an opinion which is more consistent with the evidence in the record. 20 C.F.R. §404.1527(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); *Morgan*, 169 F.3d at 602 (inconsistency between two doctors' conclusions regarding claimant's mental functioning "provided the ALJ additional justification for rejecting" one of the conclusions). Here, after noting that three other doctors determined Plaintiff had no disabling medical conditions, the ALJ fashioned an RFC with limitations that gave consideration to Plaintiff's medical history. AR 18 ("however, given his obesity, hip dysplasia, diabetes , and neuropathy, the undersigned found he has postural and environmental limitations that is most consistent with the evidence.")

Additionally, when rejecting Dr. Wu's opinion, the ALJ noted that it is inconsistent with the record given Plaintiff's work history. AR 17. At step one, the ALJ noted that Plaintiff had returned to full-time work from April 2013 through June 2014, as an aircraft dispatcher. AR 13; 209-224. Dr. Wu's report indicating that Plaintiff was completely disabled was dated just two months after Plaintiff stopped working full time. AR 830. It was not unreasonable for the ALJ to give Dr. Wu's report less weight in light of its proximity in time to Plaintiff's employment. *See*, 20 C.F.R. § 404.1527(c)(6). ("[w]hen we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.") Therefore, this Court must defer to the ALJ's interpretation of this evidence because the ALJ is responsible for resolving conflicts and weighing the medical evidence. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) ("The court must consider the record as a whole and weigh 'both the evidence that supports and the evidence that detracts from the ALJ's' factual conclusions" and "'[i]f the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner"); *Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005); (Where the evidence is susceptible to more than one rational interpretation, one of which

supports the ALJ's decision, the ALJ's conclusion must be upheld.); *Thomas*, 278 F.3d at 954 (same).

Finally, Plaintiff bears the burden of proving that he is disabled. *Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir. 1999); 20 C.F.R. ' 404.1512. Although he makes broad assertions that the ALJ did not give specific and legitimate reasons for rejecting Dr. Wu's opinion, he has not identified any evidence in the over five hundred pages of medical records to support his assertions that he is completely disabled. Given the above, Plaintiff has not met his burden and the ALJ's rejection of Dr. Singh's opinion is supported by substantial evidence.

### VIII. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is based on the correct legal standards. Accordingly, this Court DENIES Plaintiff's appeal. The Clerk of this Court is DIRECTED to enter judgment in favor of Nancy A. Berryhill, Commissioner of Social Security and against Michael John Clamp, and close this action.

IT IS SO ORDERED.

    Dated: __**September 6, 2017**__          _____**/s/ Gary S. Austin**_____
                                                                         UNITED STATES MAGISTRATE JUDGE